UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WALTER D. ROBINSON, JR,

                        Plaintiff,

        v.

CAROLYN W. COLVIN, Commissioner of
Social Security,

                        Defendant.

Case No. 2:14-CV-00536-RAJ-BAT

**REPORT AND
RECOMMENDATION**

Plaintiff Walter D. Robinson seeks review of the denial of his Supplemental Security

Income ("SSI") and Disability Insurance Benefits ("DIB") applications.  He contends that the

ALJ erred by (**1**) concluding that he constructively waived his right to a hearing and did not have

good cause for failing to appear; (**2**) violating his right to procedural due process by issuing an

unfavorable decision without affording him an opportunity to appear at a hearing after an

Appeals Council remand; and (**3**) relying upon an erroneous residual functional capacity

("RFC") provided to the vocational expert ("VE") to deny the applications at step five.  Dkt. 17.

As discussed below, the Court recommends **REVERSING** and **REMANDING** pursuant to

sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing and a new decision regarding Mr.

Robinson's applications because the ALJ harmfully erred as a matter of law and fact on issue 1:

REPORT AND RECOMMENDATION - 1

1   constructive waiver and good cause.  Due to the recommendation to remand, the Court does not

2   address Mr. Robinson's other arguments about due process and RFC.

### BACKGROUND

4        Mr. Robinson's October 2010 benefits applications were denied initially and on

5   reconsideration.  AR 134, 138.  Represented by counsel, he requested an administrative hearing.

6   AR 155.  On the scheduled hearing date of June 7, 2012, counsel appeared, but Mr. Robinson did

7   not.  AR 49–51.  Counsel asked that a notice of good cause be issued to Mr. Robinson for his

8   absence and then withdrew from representation.  *Id.*  The ALJ conducted the hearing without Mr.

9   Robinson or his counsel present.  AR 51–61.  A VE was called to testify.  *Id.*

10       The ALJ issued a notice to show good cause to which Mr. Robinson, now unrepresented,

11  did not timely respond.  AR 186.  On June 27, 2012, the ALJ dismissed Mr. Robinson's request

12  for a hearing and dismissed the case.  AR 124.  On August 27, 2012, Mr. Robinson filed a

13  response in the form of a *pro se* request for review before the Appeals Council that contained a

14  single-sentence explanation for his failure to appear at the hearing: "Didn't have a[]way to

15  Tacoma WA due to no income."  AR 193.

16       On November 5, 2012, the Appeals Council vacated the ALJ's order of dismissal and

17  remanded because the relevant regulations and the agency manual provide that an ALJ may *not*

18  dismiss a request for a hearing if, as with Mr. Robinson, the claimant's representative appeared

19  at the scheduled hearing.  AR 131 (citing 20 C.F.R. §§ 404.957(b), 416.1457(b) and HALLEX I-

20  2-4-25 D).  Moreover, the Appeals Council noted that although the ALJ allowed Mr. Robinson's

21  former representative to withdraw, Mr. Robinson was not aware of this withdrawal when it

22  occurred.  AR 131.  The Appeals Council instructed the ALJ to determine whether Mr. Robinson

23  constructively waived the right to appear at a hearing.  *Id.*  If the ALJ found that Mr. Robinson

REPORT AND RECOMMENDATION - 2

1    did not constructively waive the right to appear at a hearing and there was good cause for his

2    failure to appear, the ALJ would offer him another opportunity for a hearing. *Id.* If, however,

3    the ALJ determined that Mr. Robinson had constructively waived the right to appear at a hearing,

4    the ALJ would proceed with any actions necessary "to complete the record and issue a decision."

5    *Id.*

6          On September 12, 2012, counsel was appointed for Mr. Robinson. AR 194. On

7    November 13, 2012, the hearing office informed Mr. Robinson and his attorney that it would

8    expedite the scheduling of his new hearing. AR 197. No hearing ever took place. Instead, on

9    November 26, 2012, the ALJ issued a decision concluding that Mr. Robinson had constructively

10   waived his right to appear at the June 2012 hearing because the ALJ disbelieved Mr. Robinson's

11   *pro se* statement that he did not have enough money to attend. AR 25. The ALJ's reasoned that

12   "[Mr. Robinson could have used public transportation and "[m]edical records indicate that he can

13   afford to live in his own apartment and can afford marijuana or tobacco." *Id.* The ALJ therefore

14   affirmed the agency's prior denial of benefits. AR 25–39.

15         As the Appeals Council denied Mr. Robinson's request for review, the ALJ's decision is

16   the Commissioner's final decision. AR 1.

17                                    **DISCUSSION**

18         Without citing substantial evidence, the ALJ violated the law, applicable regulations,

19   agency best practices, and the scope of the Appeals Council's order of remand by conflating

20   "constructive waiver" with "constructive notice" and by finding an absence of good cause

21   without adequately developing the record about Mr. Robinson's physical and mental

22   impairments. [1] Mr. Robinson should be afforded the opportunity to appear at a *de novo* hearing

23

-----

[1] The Commissioner's decision will be overturned only based on legal error or lack of substantial evidence. *See* 42

REPORT AND RECOMMENDATION - 3

1    and should be offered the opportunity to examine the VE.

2           The ALJ was directed by the Appeals Council to make the following determinations:

3    (**1**) if Mr. Robinson did not "constructively waive" his right to appear at the hearing and

4    provided good cause, then the ALJ was to offer another opportunity for a hearing; or (**2**) if Mr.

5    Robinson "constructively waived" the right to appear at a hearing, the ALJ was to proceed with

6    any further action to complete the record and issue a decision.  AR 131.  The ALJ found that Mr.

7    Robinson constructively waived his right to appear at the hearing because notice was mailed to

8    Mr. Robinson's last known address, former counsel tried to contact Mr. Robinson but was unable

9    to do so, and Mr. Robinson did not show up at the scheduled hearing.  AR 25. The ALJ

10   concluded that Mr. Robinson failed to show good cause for his absence because his *pro se*

11   statement to the Appeals Council that he lacked funds to attend was not credible.  *Id.*  As

12   support, the ALJ referred to the following evidence:

13              The record indicates that he lived close enough to the hearing
                office that he could have used public transit to get to the hearing.
14              He is receiving financial assistance from the State of Washington.
                He did not inform his representative that he had financial
15              difficulties that would preclude his attendance prior to the hearing.
                Medical records indicate that he can afford to live in his own
16              apartment and can afford marijuana or tobacco (Exhibits 18F and
                27F). It does not appear the claimant so completely lacks funds
17              that the lack of funds prevented his attendance at the scheduled
                hearing.
18

19   *Id.*  The ALJ concluded that "[t]he record is fully developed" and therefore issued an adverse

20   decision "pursuant to the Order of the Appeals Council."  *Id.*

21          The ALJ harmfully erred in several ways.  First, the ALJ conflated "constructive waiver"

22   with "constructive notice" and then drew conclusions that are contradicted by the facts.

23   Although it may be accurate to say that Mr. Robinson received constructive *notice* of a scheduled

U.S.C. § 405(g); *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012).

REPORT AND RECOMMENDATION - 4

hearing, there is no support for the proposition that Mr. Robinson constructively *waived* his right

to appear at the hearing.[2]  A *waiver* involves the "voluntary relinquishment or abandonment—

express or implied—of a legal right or advantage."  BLACK'S LAW DICTIONARY (9th ed. 2009).

It is undisputed that Mr. Robinson sought, after former counsel withdrew without his

foreknowledge, to vindicate his rights *pro se* before the Appeals Council; that he then had

appointed counsel attempt to vindicate his rights through a supplemental hearing; and that he

continues to seek in federal district court the opportunity to testify on his own behalf.  Mr.

Robinson did not voluntarily relinquish or abandon his right to appear at a hearing.  The ALJ

refused to allow him to clarify or supplement his *pro se* statement to the Appeals Council, then

denied his new legal representative's attempt to argue on Mr. Robinson's behalf.

      Second, the ALJ's determination that Mr. Robinson did not show good cause is

contradicted by the agency's current best practices manual.  HALLEX 1-2-4-25 D.1 provides:

> [I]f the HO [Hearing Office] did not receive notification from the
> claimant indicating he or she was aware the representative was
> going to withdraw at the hearing, *the ALJ must develop good cause*
> for failure to appear.
>
> If the claimant alleges he or she did not appear at the hearing
> because the claimant believed the representative was appearing on
> his or her behalf, *or the claimant otherwise indicates he or she
> wants to proceed with the hearing*, the ALJ will generally find
> good cause for failure to appear, and the ALJ will reschedule the
> hearing.

HALLEX 1-2-4-25 D.1 (emphasis added) (last update Feb. 7, 2014 (Transmittal I-2-104)),

*available at* http://ssa.gov/OP_Home/hallex/I-02/I-2-4-25.html (last accessed Sept. 23, 2014).

---

[2] The concept of constructive waiver is most commonly seen in circumstances inapplicable here.  One circumstance is when federal courts address whether a state has constructively waived its sovereign immunity from suit.  *See, e.g.*, *Clallam County v. Dep't of Transp., of State of Wash.*, 849 F.2d 424, 426–27 (9th Cir. 1988).  Another circumstance is when courts address whether a party to an insurance contract constructively waived a condition, i.e., the party's conduct, though not as obvious as an express or strongly implied relinquishment of rights, shows that he or she has forfeited the legal right to insist on strict compliance with the terms of the contract.  *See* Jeffrey W. Stempel, 1 STEMPEL ON INSURANCE CONTRACTS § 5-3 (3d ed. 2007).

1    Here the ALJ both avoided his duty to "develop good cause" for Mr. Robinson's failure to

2    appear, and erroneously ignored that Mr. Robinson "indicate[d] he . . . want[ed] to proceed with

3    the hearing" by requesting Appeals Council review and by having counsel represent him at a

4    supplemental hearing.  *Id.*

5           Third, no rational reading of the regulations or agency best practices (current or then-

6    applicable) suggests the propriety of applying "constructive waiver" to deny a supplemental

7    hearing even though Mr. Robinson (a) was not represented at the initial hearing, (b) did not

8    testify, (c) made no arguments on his own behalf, and (d) could not question the VE.  Moreover,

9    the ALJ's express justification at the time for proceeding without anyone to represent Mr.

10   Robinson's interests—"It is my intent to go ahead with the expert's testimony since we're paying

11   him"—is legally irrelevant.  As the Appeals Council noted, 20 C.F.R. §§ 404.957(b) and

12   404.1457(b) provide that an ALJ may dismiss a hearing request based on abandonment only if

13   *neither* the claimant *nor* his representative appeared at the scheduled hearing.[3]  AR 131.  At the

14   time of the scheduled hearing in June 2012, the HALLEX addressed the question of when a

15   claimant's representative appears at a hearing without the claimant, but did *not* address the

16   complicating factor of when a claimant's representative withdraws at the hearing.  HALLEX 1-

17   2-4-25 D 1 (updated July 22, 2005 (Transmittal I-2-59)), *available at*

18   https://web.archive.org/web/20060928021516/http://www.socialsecurity.gov/OP_Home/hallex/I-

19   02/I-2-4-25.html (last accessed Sept. 23, 2014).  In fact, the HALLEX provision effective in

20   2012 *presumed* that claimant's representative would "question the witnesses and make

21

22   _____
     [3] The Appeals Council originally remanded this matter because the ALJ contradicted the plain text of the HALLEX
     provision applicable in June 2012 that "[i]f a representative appears at a scheduled hearing without the claimant,
     dismissal is *never* appropriate."  HALLEX 1-2-4-25 D, note (emphasis added) (updated July 22, 2005 (Transmittal
23   I-2-59)), *available at* https://web.archive.org/web/20060928021516/http://www.socialsecurity.gov/OP_Home/
     hallex/I-02/I-2-4-25.html (last accessed Sept. 23, 2014).

REPORT AND RECOMMENDATION - 6

1   arguments regarding the claimant's application" if the hearing proceeded and involved testimony

2   by an expert witness.  *Id.*  That is, *even if a claimant constructively waived his right to appear at*

3   *the hearing*, an ALJ could proceed with a hearing in which the claimant's rights were still

4   protected *by his counsel*.  In May 2013, to avoid confusion, the agency removed reference to

5   "constructive waiver of the right to appear at a hearing" from HALLEX I-2-4-25 D, the

6   provision that addresses when, as here, a legal representative withdraws at the outset of a hearing

7   at which a claimant is absent.  HALLEX, Transmittal I-2-93 (May 17, 2013), *available at*

8   http://ssa.gov/OP_Home/hallex/TS/tsi-2-93.html (last accessed Sept. 23, 2014).  That is, the

9   concept of "constructive waiver" of the right to appear is now applicable only to circumstances

10  in which the representative continues to represent a claimant at the hearing.  *See* HALLEX 1-2-

11  4-25 C.2 (last update Feb. 7, 2014 (Transmittal I-2-104)), *available at*

12  http://ssa.gov/OP_Home/hallex/I-02/I-2-4-25.html (last accessed Sept. 23, 2014).

13          Fourth, by finding constructive waiver and rejecting good cause, the ALJ here shirked his

14  duty to develop the record.  In the context of disability determinations, the Ninth Circuit has

15  "long recognized that the ALJ is not a mere umpire at such a proceeding, but has an independent

16  duty to fully develop the record, especially where the claimant is not represented."  *Higbee v.*

17  *Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992).  The Ninth Circuit has noted:

18                  [W]here the claimant is not represented, it is incumbent upon the
                    ALJ to scrupulously and conscientiously probe into, inquire of, and
19                  explore for all the relevant facts.  He must be especially diligent in
                    ensuring that favorable as well as unfavorable facts and
20                  circumstances are elicited.

21  *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978) (citations and internal quotation marks

22  omitted).  An adequate hearing record is "indispensable" because a reviewing court may only

23  consider the Commissioner's final decision, the evidence in the administrative transcript, and the

REPORT AND RECOMMENDATION - 7

pleadings.  *Higbee*, 975 F.2d at 562.  Moreover, the duty to provide an adequate record is of "extraordinary importance" when a claimant is both unrepresented and suffers from a mental impairment.  *Id.* (citing with approval *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991); *Thompson v. Sullivan*, 933 F.2d 581, 586 (7th Cir. 1991); and *Vidal v. Harris*, 637 F.2d 710, 714–15 (9th Cir. 1981)).  Here the ALJ failed to develop the record with respect to Mr. Robinson's personal testimony about his physical and mental impairments as well as about other possible reasons for missing the scheduled hearing.  Mr. Robinson suffers from the severe mental impairments of PTSD, anxiety disorder, and possible learning disorder.  AR 28.  Mr. Robinson also suffers from cannabis dependence and severe physical impairments related to, among other things, leg fractures from a gunshot wound and a possible anterior cruciate ligament tear.  *Id.*  It is also undisputed that Mr. Robinson did not know beforehand that his former counsel intended on withdrawing representation at the hearing.  Under these circumstances, the ALJ violated his independent duty to develop the record by refusing to allow Mr. Robinson's newly appointed counsel to present any supplemental evidence or argumentation.

Fifth, the ALJ failed to cite substantial evidence to support his conclusion that the beginning and end to the good cause inquiry was Mr. Robinson's *pro se* statement that he lacked the funds to attend the hearing.  The ALJ rejected Mr. Robinson's single-sentence explanation without taking live testimony essentially because anyone receiving public assistance to pay rent who can afford marijuana or tobacco can afford a bus ticket.  AR 28. This explanation failed to account for any of Mr. Robinson's severe mental or physical impairments and, without justification, denied counsel the opportunity to supplement the record or assert additional reasons.  As discussed earlier, current agency best practices provide that good cause for failure to appear is generally shown if claimant believed his representative was appearing on his behalf or

1    claimant otherwise indicates his desire to proceed with the hearing.  HALLEX 1-2-4-25 D 1

2    (emphasis added) (last update Feb. 7, 2014 (Transmittal I-2-104)), *available at*

3    http://ssa.gov/OP_Home/hallex/I-02/I-2-4-25.html (last accessed Sept. 23, 2014).  Here the ALJ

4    did not allow Mr. Robinson to testify as to whether he believed his representative was appearing

5    on his behalf, and the ALJ ignored the myriad ways Mr. Robinson indicated his desire to proceed

6    with the hearing, including that counsel had been appointed to assist with a new hearing.

7           Sixth, regardless of whether Mr. Robinson constructively waived his right to appear at a

8    hearing, the ALJ violated the scope of the Appeals Council's order of remand by declining "to

9    complete the record," AR 131, before issuing an adverse decision.  The ALJ determined that the

10   record was complete.  AR 25.  That conclusion was incorrect.  The record was deficient: the

11   VE's hearing testimony was accepted without permitting rebuttal or questioning by Mr.

12   Robinson or his legal representative; and the ALJ made an adverse credibility assessment based

13   on a written, *pro se* statement without observing Mr. Robinson or considering his personal

14   testimony about severe mental and physical impairments.

15          In sum, since remand from the Appeals Council, the only impediment to a new hearing to

16   permit Mr. Robinson's testimony has been the ALJ's erroneous decision.  Because Mr. Robinson

17   did not constructively waive his right to appear at the hearing and demonstrated good cause for

18   failure to appear, this matter should be remanded for further administrative proceedings.

19                                       **CONCLUSION**

20          For the foregoing reasons, the Court recommends that the Commissioner's decision be

21   **REVERSED** and the case be **REMANDED** for further administrative proceedings pursuant to

22   sentence four of 42 U.S.C. § 405(g).

23          On remand, the ALJ should conduct a *de novo* hearing at which Mr. Robinson may

1    testify and examine the VE, and the ALJ should issue a new decision.

2          A proposed order accompanies this Report and Recommendation.  Objections, if any, to

3    this Report and Recommendation must be filed and served no later than **October 14, 2014.**  If no

4    objections are filed, the matter will be ready for the Court's consideration on **October 17, 2014**.

5    If objections are filed, any response is due within 14 days after being served with the objections.

6    A party filing an objection must note the matter for the Court's consideration 14 days from the

7    date the objection is filed and served.  Objections and responses shall not exceed twelve pages.

8    The failure to timely object may affect the right to appeal.

9          DATED this 30th day of September, 2014.

10

11   _____

12   BRIAN A. TSUCHIDA
     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 10